IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02796-RTG

JIMMY GUILLERMO NICOLAS RODRIGUEZ TZUL,

     Applicant,

v.

TODD BLANCHE Attorney General for the United States,
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY (DHS),
TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement (ICE),
FIELD OFFICE DIRECTOR OF ICE ENFORCEMENT AND REMOVAL OPERATIONS
     (ERO), Denver Field Office, and
ALL OTHER PERSONS HAVING CUSTODY OF THE PETITIONER,

     Respondents.

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant is an immigration detainee at a detention center in Aurora, Colorado. On June 22, 2026, he filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and paid the filing fee.

The Court must construe the application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Applicant will be directed to file an amended application if he wishes to pursue any claims in this action.

Applicant asserts one claim entitled "Indefinite detention without the right for a bond hearing." (ECF No. 1 at 2). The only allegations in support of the claim appear to

address the reasons why Applicant believes he should be granted a bond. (*Id*.). As relief, Applicant seeks release from custody.

The Application is deficient because Applicant does not identify a cognizable federal claim for relief. He does not allege his nationality and citizenship, when he entered the U.S., when he was taken into custody, how long he has been in custody, what specific legal process he has or has not been provided, whether he is subject to a removal order and if so when the order issued, or any facts to provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.

Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the Court must construe the Application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Applicant must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. These rules are more demanding than the rules applicable to ordinary civil actions. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v.*

*Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Applicant will be given an opportunity to file an amended application that clarifies the claim he is asserting. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado - Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Applicant will be directed to file his amended application on the court-approved form.

Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Applicant file an amended application on the court-approved form that provides a clear statement of a cognizable habeas corpus claim. It is

FURTHER ORDERED that, if Applicant fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED June 30, 2026.

BY THE COURT:

*Richard T. Gurley*

_____
Richard T. Gurley
United States Magistrate Judge

3